IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PATRICIA YON**                                                                    **PLAINTIFF**

v.                                      **CAUSE NO. 1:21CV41-LG-RHWR**

**LOUISE A. HALE**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is the [40] Motion for Partial Summary Judgment filed by the defendant, Louise A. Hale, in this case that arose out of a motor vehicle accident. The plaintiff, Patricia Yon, did not file a response in opposition to the Motion, and the deadline for filing a response has expired. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Hale is entitled to partial summary judgment as to Yon's demand for punitive damages.

## BACKGROUND

In her Complaint, Yon alleges that she was driving her vehicle on Community Road in Gulfport, Mississippi, on March 7, 2019, when a vehicle driven by Hale pulled out of a private driveway and struck her. Yon claims that the accident was caused by Hale's negligence and gross negligence. She seeks damages for personal injuries, mental anguish, loss of enjoyment of life, medical care, lost wages, and punitive damages. Hale has filed the present Motion seeking summary judgment as to Yon's demand for punitive damages.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

As noted above, Yon did not file a response to Hale's Motion. A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless she has done so, the court may not grant

the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

      Miss. Code. Ann. § 11-1-65 provides:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, or committed actual fraud.

Therefore, punitive damages are "considered an extraordinary remedy and are allowed with caution and within narrow limits." *Gonzalez v. Coastal Indus. Contractors, Inc.*, 316 So. 3d 612, 617 (Miss. 2021) (quoting *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006)). "The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others." *Id.*

      "Trial courts may grant summary judgment on punitive damages when the evidence is so lacking that no reasonable jury could impose punitive damages." *Clark v. Lard Oil Co., Inc.*, No. 2:18-CV-00109-KS-MTP, 2019 WL 5802379, at *6 (S.D. Miss. Sept. 6, 2019). As this Court has previously noted, "[i]n the automobile context, the Supreme Court of Mississippi has been [and continues to be] extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations." *Robinson v. Colucci*, No. 3:16CV687-TSL-RHW, 2017 WL 11379844, at *4 (S.D. Miss. Oct. 30, 2017) (citing *Rice v. A&S Transp., Inc.*, No. 1:15-CV-182-SA-DAS, 2017 WL 722022, at *2-3 (N.D. Miss. Feb. 23, 2017)). For

example, actions such as failure to keep a proper lookout, running a stop sign, and exceeding the speed limit generally do not rise to the level of conduct necessary to support an award of punitive damages. *See id.; see also Mayfield v. Johnson*, 202 So. 2d 630, 631-32 (Miss. 1967); *Dawson v. Burnette*, 650 F. Supp. 2d 583, 584, 587 (S.D. Miss. 2009).

In her Complaint, Yon merely alleges that Hale "failed to see" Yon's vehicle before attempting to cross Community Road. (Compl. at 2, ECF No. 1-1). In her deposition, Yon testified that she does not remember seeing Hale's vehicle prior to impact, and she was not able to explain how the accident occurred. (Def.'s Mot., Ex. B, ECF No. 40-2). Yon has not responded to Hale's Motion for Partial Summary Judgment or presented any evidence or testimony that would support a demand for punitive damages under Mississippi law. The evidence before the Court does not support a finding of willful or wanton conduct on the part of Hale. Therefore, Hale is entitled to summary judgment as to Yon's punitive damages claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that is the [40] Motion for Partial Summary Judgment filed by the defendant, Louise A. Hale, is **GRANTED**. Patricia Yon's claim for punitive damages is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE